ceipt of $450.63, which sum was paid to it for the use and benefit of the plaintiff, a minor. The defendant assumed no obligation to the plaintiff, afforded him no insurance, and upon his election not to consummate the contract, is liable to him as for money had and received to his use. It follows therefore that the plaintiff is entitled to recover the amount of the premiums paid, $450.63.

The judgment of the Municipal Court of Chicago is reversed and judgment will be entered in this court in favor of the plaintiff and against the defendant for $450.63.

*Judgment reversed and judgment in this court.*

———————

**Daisy Hanson Harts and Edwin B. Harts, Administrators, Defendants in Error, v. Christian C. Lasman, Jr., Plaintiff in Error.**

### Gen. No. 22,477.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed and remanded. Opinion filed October 31, 1917. Rehearing denied November 17, 1917.

### Statement of the Case.

Scire facias by Daisy Hanson Harts and Edwin B. Harts, administrators of the estate of Franklin S. Hanson, deceased, plaintiffs, against Christian C. Lasman, Jr., defendant, to revive a judgment. To reverse a judgment for plaintiffs, defendant prosecutes this writ of error.

Q. J. CHOTT, for plaintiff in error; FRANK H. CULVER, of counsel.

EDWIN B. HARTS, for defendants in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 611*—*who may maintain scire facias proceeding to revive.* The assignee of a judgment may maintain as assignee a scire facias proceeding to revive the judgment.

2. JUDGMENT, § 611*—*who cannot complain that assignee brings scire facias proceeding in his own name.* On a scire facias proceeding to revive a judgment assigned by the administrators of the judgment creditor to another, the judgment debtor cannot complain that the assignee brings the scire facias proceeding in his own name.

3. JUDGMENT, § 610*—*what ambiguity in papers in scire facias proceeding to revive is not ground for reversal.* Ambiguity in the papers in a scire facias proceeding to revive a judgment as to the person seeking the relief is not ground for reversal where they are sufficient to enable it to be determined by whom relief is sought.

4. TRIAL, § 12*—*what may be placed on short-cause calendar.* There is no merit in the contention that a proceeding by writ of scire facias to revive a judgment is not a suit at law and is therefore improperly placed on the short-cause calendar.

5. JUDGMENT, § 100*—*when default of defendant is error.* It is error to default a defendant who has pleas undisposed of on file.

6. JUDGMENT—*what does not affect liability of defendant under original in scire facias proceeding.* A judgment rendered for defendant in a scire facias proceeding to make him a party to a judgment and the dismissal of such proceeding do not affect the liability of the defendant under the original judgment.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.